UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROSINEK LONDREL WOODS,** } | |
| } | |
| **Petitioner,** } | |
| } | |
| **v.** } | Case No.: **2:21-CV-08019-RDP** |
| } | **2:17-CR-00561-RDP-SGC** |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Respondent.** } | |

### MEMORANDUM OPINION

Before the court is Petitioner Rosinek Londrel Woods's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. # 1). The motion is fully briefed and ripe for review. (Docs. # 1, 6). For the reasons explained below, the motion is due to be denied.

**I.      Background**

Petitioner Rosinek Londrel Woods pled guilty to violating 18 U.S.C. § 922(g)(1), which prohibits felons from possessing a firearm. (Cr. Doc. # 18 at 1).[1] On July 11, 2018, the court entered judgment against Petitioner for the § 922(g)(1) offense and sentenced him to a term of one-hundred months. (*Id.* at 1-2). Petitioner filed the pending 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence on July 20, 2021. (Doc. # 1).

The sole basis for Petitioner's motion to vacate is a claim of ineffective assistance of counsel. (*Id.* at 4). Petitioner alleges that his counsel advised him to enter into a plea agreement but failed to "ensur[e] that the courts . . . inform[ed] [Petitioner] of each and every element of the offense [to] which he [was] entering a guilty plea[.]" (*Id.* at 15). More specifically, Petitioner

---

[1] Cr. Doc. indicates documents filed in Petitioner's criminal case record.

asserts that the elements of his § 922(g)(1) indictment, as stated in his Rule 11 plea colloquy, were inconsistent with the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. # 1 at 15). Petitioner did not appeal his conviction or sentence – on this basis or otherwise. (*Id.* at 4). Additionally, Petitioner does not claim actual innocence nor that he was unaware of his previous felony conviction. (*Id.*).

## II.   Standard of Review

Section 2255 authorizes a federal prisoner to file a motion in the court of conviction to vacate, set aside, or correct his federal sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements that mandate a § 2255 motion must specify all the grounds for relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review and the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

## III.   Discussion

Section 922(g)(1) prohibits any person "who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year" from possessing any firearm or

ammunition. In this Circuit, before *Rehaif*, the government was required to prove that: (1) a § 922(g)(1) defendant "knowingly possessed a firearm," (2) the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year," and (3) the firearm "was in or affecting interstate commerce." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). After Petitioner had been sentenced, in *Rehaif*, the Supreme Court announced that the government must also prove that a § 922(g) defendant knew he was a member of a class of persons prohibited from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200.

### A.   Timeliness

Petitioner's motion to vacate was not timely filed. Title 28 U.S.C. § 2255(f) provides the period of limitation for a petitioner to file a motion to vacate, correct, or set aside sentence as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under the first prong, a petitioner generally must file a § 2255 motion within one year of the date on which the judgment of conviction becomes final. "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."

*Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). Under current rules, a defendant has fourteen days to file notice of a direct appeal. Fed. R. App. P. (4)(b)(1)(A). Therefore, Petitioner's judgment became final on July 25, 2018.

Applying the first prong of § 2255(f) to Petitioner's motion, the motion was filed nearly two years late. The court entered judgment in Petitioner's criminal case on July 11, 2018. (Cr. Doc. # 18). Consequently, as Petitioner did not file a direct appeal, the judgment became final fourteen days after the date of judgment – July 25, 2018. Therefore, the period of limitation on Petitioner's § 2255 motion expired in July 2019, but Petitioner's motion to vacate was not filed until July 20, 2021.

The second prong of § 2255(f) does not apply to Petitioner's motion. That provision comes into play when a petitioner is prevented from making his motion because of an impediment created by governmental action. Petitioner does not allege any governmental impediment to filing his § 2255 motion.

The third prong of § 2255(f) is triggered when a right that a petitioner asserts is announced by the Supreme Court and is retroactively applicable to cases on collateral review. To be sure, the Eleventh Circuit has applied this third prong to an initial § 2255 motion based on a *Rehaif* argument. *See Seabrooks v. United States*, 32 F.4th 1375, 1383 (2022) (finding that *Rehaif* announced a new rule of substantive law that applies retroactively to an initial § 2255 motion). Nevertheless, as explained below, that does not save Petitioner's motion from its delayed filing.

Although Petitioner relies on the Supreme Court decision in *Rehaif* to excuse his late filing (Doc. # 1 at 11), *Rehaif* was decided on June 21, 2019. But, Petitioner's motion was filed over two years after the *Rehaif* decision. As a result, even though *Rehaif* announced a newly recognized and

4

retroactively applicable right, Petitioner's motion was filed too late – well over a year after the period of limitation expired even under an application of the third prong.

Finally, the fourth prong of § 2255(f) provides that the period of limitation does not begin to run until facts supporting the underlying claim reasonably could have been discovered by a petitioner. However, "[s]ince Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) (emphasis in original). And, although Petitioner asserts that newly discovered evidence supports his claim (Doc. # 1 at 11), he has not specified what facts he belatedly discovered that support his claim. Petitioner describes the significance of *Rehaif* and *Greer v. United States*, 141 S. Ct. 2090 (2021), to his decision to file the motion. (*Id.* at 15-17). Other than Petitioner's newfound awareness of *Rehaif*, Petitioner's motion does not point to any newly discovered facts to support his ineffective assistance of counsel claim. Petitioner's motion to vacate is not timely filed under prong four.

In sum, the period of limitation on Petitioner's § 2255 motion began to run, at the latest, on June 21, 2019, under prong three of § 2255(f). Therefore, Petitioner's July 20, 2021, filing is untimely.

      **B.**    **Ineffective Assistance of Counsel**

Even if Petitioner's motion was timely filed (and, again, it was not), his ineffective assistance of counsel allegations fail on the merits. An ineffective-assistance claimant must allege and show that counsel's assistance fell "below an objective standard of reasonableness" and that counsel's flawed representation resulted in prejudice to Petitioner. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). "[I]t generally does not fall below the objective standard of reasonableness

for trial counsel to fail to raise a claim in anticipation that undeniably would lose under current law but might succeed based on the outcome of a forthcoming Supreme Court decision." *Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013); *see also*, *United States v. Finley*, 805 F. App'x 823, 827 (11th Cir. 2020) (holding defendant's counsel was not deficient when, prior to *Rehaif*, the court did not inform defendant that knowledge of his status as a felon was an element of the charged 922(g)(1) offense, and defendant's counsel did not anticipatorily object). To demonstrate prejudice, a petitioner must show there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694; *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc). When a petitioner asserts an ineffective-assistance claim arising out of the plea process, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

Petitioner's only assertion regarding his counsel's deficiency is that his lawyer failed to urge the court to apply *Rehaif*'s later-pronounced knowledge element during his plea colloquy. But that assertion fails. Counsel is not expected to anticipate future judicial decisions or the new legal elements they might announce. Petitioner's motion does not adequately show his counsel's performance fell below an objective standard of reasonableness.

Nor has Petitioner shown how he was prejudiced by his counsel's alleged deficiency. There is no indication in the record that Petitioner would have insisted on going to trial had he been advised pre-Rehaif of the *Rehaif* element. Petitioner claims only that counsel's performance "infringed upon his autonomy interest in making his own choices about the proper way to protect his own liberty." (Doc. # 1 at 15). Petitioner's assertion is conclusory and does not come close to alleging facts that show he would have taken his case to trial. Moreover, there is nothing in the

record that indicates Petitioner was unaware of his felon status. Indeed, the factual basis section in Petitioner's plea agreement states that Petitioner has a prior felony conviction. (Cr. Doc. # 13 at 3). By signing the plea agreement, Petitioner stipulated that he was convicted of a prior felony. Based upon this record, it is simply implausible to say Petitioner was unaware of his felon status, which undermines his ability to establish with reasonable probability that he would not have pleaded guilty even if his counsel had advised him of the *Rehaif* element. Because Petitioner does not show his counsel acted deficiently or that he was prejudiced by his counsel's alleged errors, Petitioner's ineffective assistance of counsel claim does not entitle him to relief.

    **C.**    **Structural Error**

Within his ineffective assistance of counsel claim, Petitioner also argues that the omission of *Rehaif*'s *mens rea* element from his plea colloquy constitutes structural error upon which his conviction should be vacated. Petitioner cites *Greer* in support of his structural error argument. In *Greer*, a party raised the same argument Petitioner asserts here. *Greer* 141 S. Ct. at 2099 (2021). However, the *Greer* Court rejected the defendant's structural error claim, stating "a *Rehaif* error in a plea colloquy is . . . not structural." *Id.* at 2100.

The Eleventh Circuit reviews *Rehaif*-based challenges for plain error. *See, e.g.*, *United States v. Scott*, 828 F. App'x 568, 571 (11th Cir. 2020); *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "For the third prong of plain-error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different." *Scott*, 828 F. App'x at 572. "In the guilty-plea context, that means showing 'a

7

reasonable probability that, but for the error, he would not have entered the plea.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Petitioner has not shown that the alleged *Rehaif* error affected his substantial rights. Petitioner has not even hinted at anything that would establish a "reasonable probability that, but for the error, he would not have entered a guilty plea." *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). Rather, he merely has stated that the alleged error "infringed upon his autonomy interest in making his own choices about the proper way to protect his own liberty." (Doc. # 1 at 15). Again, no portion of the record indicates that Petitioner was unaware of his felon status. To the contrary, Petitioner stipulated that he has a prior felony conviction by signing his plea agreement. (Cr. Doc. # 13 at 3). On this record, it is implausible to say that Petitioner was unaware of his felon status, which also (as noted above) prevents Petitioner from establishing a reasonable probability that his plea would have been different even if he had been advised pre-*Rehaif* of the *Rehaif* element. Therefore, Petitioner is not entitled to relief on the basis of a structural error, and he is not entitled to plain error relief either.

### D. Procedural Default

After careful review the court concludes that, in any event, Petitioner's claims are also procedurally defaulted. "A 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion." *Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). For obvious reasons, the Eleventh Circuit does not consider ineffective assistance of counsel claims on direct appeal, and so those claims are usually not subject to

8

procedural default. *See, e.g.*, *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). However, other constitutional grounds for relief, such as a *Rehaif* claim, are subject to the procedural default rule. *See, e.g.*, *Carlyle v. United States*, 836 F. App'x 780, 783 (11th Cir. 2020) (applying the procedural default rule to a *Rehaif* claim).

A court may excuse procedural default in two circumstances: when the petitioner demonstrates (1) valid cause for the default and actual prejudice from the alleged error or (2) his actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). "Cause" excusing procedural default "must result from some objective factor external to the defense." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). Attorney error can constitute cause for a procedural default, but it must rise to the level of ineffective assistance of counsel in violation of the Sixth Amendment. *Murray v. Carrier*, 477 U.S. 478, 479 (1986). To show actual prejudice, a petitioner must show that an error worked to his "actual and substantial disadvantage" and not merely that there was a "possibility of prejudice." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (quoting *Fordham v. United States*, 706 F.3d 1345, 1350 (11th Cir. 2013)).

To the extent that Petitioner's claim arises out of an alleged *Rehaif* error separate from his ineffective-assistance claim (Doc. # 1 at 17), Petitioner is procedurally defaulted from seeking relief. Petitioner failed to raise any issue with the *mens rea* requirements contained in his indictment and plea colloquy on appeal, and he presents his *Rehaif* claim for the first time in this § 2255 motion. Additionally, Petitioner fails to show that one of the exceptions to procedural default applies to his motion. As discussed above, Petitioner's ineffective-assistance claim is without merit, and he has not shown there is any other cause for his default. Even if Petitioner's claim would have shown sufficient "cause" for his default, he does not adequately allege how or establish how the alleged error prejudiced him. Again, he merely has stated that the alleged *Rehaif*

9

error "infringed upon his autonomy interest in making his own choices about the proper way to protect his own liberty." (Doc. # 1 at 15). This statement is conclusory and does not indicate that, absent the alleged *Rehaif* error, Petitioner's actions would have been any different.

Finally, Petitioner does not claim actual innocence. His motion does not escape procedural default through any application of the innocence exception, either.

## IV. Conclusion

For all these foregoing reasons, Petitioner is not entitled to relief under § 2255. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this August 22, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE